IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY FLAGG, | No. C 06-00930 SBA |
| Plaintiff, | **ORDER** |
| v. | |
| JO ANNE BARNHART, COMMISSIONER OF SOCIAL SECURITY | |
| Defendant. _____/ | |

This matter comes before the Court on Plaintiff Jerry Flagg's ("Plaintiff") complaint and application to proceed *in forma pauperis* ("IFP Application"). Having considered Plaintiff's complaint and IFP Application, and being fully informed, the Court hereby DENIES Plaintiff's IFP Application WITH LEAVE TO AMEND.

**BACKGROUND**

On February 13 2006, Plaintiff filed a complaint captioned "Appeal of Denial of Supplemental Security Income Disability Benefits." On the same day, Plaintiff filed an application for leave to proceed *in forma pauperis* (the "IFP Application").

**LEGAL STANDARD**

The benefit of proceeding *in forma pauperis* ("IFP") is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). To obtain this privilege, a plaintiff must demonstrate, to the Court's satisfaction, his or her inability to pay the requisite fees and costs. *See Williams v. Marshall*, 795 F.Supp. 978, 979 (N.D. Cal. 1992). A statement of poverty is sufficient if it demonstrates that a plaintiff cannot pay court costs and still be able to provide himself or herself with the necessities of life. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) (*citing Adkins v. E.I. DuPont de*

*Nemours & Co.*, 335 U.S. 331, 339 (1948)).  The facts concerning his or her poverty must be stated with some "particularity, definiteness and certainty."  *See United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).  The court has the discretion to make a factual inquiry into a plaintiff's financial status and to deny his request to proceed IFP where he is unable or unwilling to verify his poverty.  *Id.*  If the court determines that a plaintiff's allegation of poverty is untrue, it shall dismiss the case.  28 U.S.C. § 1915(e)(2).

## ANALYSIS

Here, Plaintiff states that he is unemployed, receives either social security income or welfare payments in the amount of $336 per month, and incurs expenses totaling $332 per month.  However, the Court also notes that Plaintiff is represented by a retained attorney.  Plaintiff's IFP application does not explain how Plaintiff is able to afford retained counsel and yet is unable to pay the filing fees and costs associated with his case.  Thus, based on the information that Plaintiff has provided, the Court is unable to conclude that Plaintiff has sufficiently demonstrated that he cannot pay court costs and still be able to provide himself with the necessities of life.  However, if Plaintiff still wishes to proceed *in forma pauperis*, the Court will allow Plaintiff an opportunity to file an amended IFP application that addresses the Court's concerns and clearly and consistently sets forth the circumstances of his financial status.

## CONCLUSION

IT IS HEREBY ORDERED THAT Plaintiff's IFP Application is DENIED WITHOUT PREJUDICE.  No later than twenty (20) days of the date of this Order, Plaintiff must either pay the requisite filing fee or file an amended application to proceed *in forma pauperis* that addresses the deficiencies identified in this Order and clearly and consistently sets forth the circumstances of his financial status.  Plaintiff is expressly warned that, if he does not comply with the deadlines set forth in this Order, his case will be dismissed without prejudice and without further notice to him.

IT IS SO ORDERED.

Date: February 28, 2006

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge


**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28